In re: WRT ENERGY SECURITIES LITIGATION.

Michael Attard, Ira, Bernice B. Wright, Trustee, Jeremiah Attard, Ira, Evelyn Lee, Jack A. Alexander, Trustee, Michael R. Nadler and Frank Amato, Plaintiffs–Appellants,

v.

Steven S. Mcguire, Samuel C. Guy, Ronald E. Hale, Jr., Dominic Man–Kit Lam, James T. Rash, Oppenheimer & Co., Inc., Schroder, Wertheim & Co., Inc. and Schroder & Co., Inc., Defendants–Appellees,

WRT Energy Corporation, Inc. and the Scotia Group, Inc., Defendants.

No. 02–7829.

United States Court of Appeals, Second Circuit.

Sept. 26, 2003.

Robert A. Wallner, Milberg Weiss, Bershad Hynes & Lerach LLP, New York, NY, for Appellant.

Debra Brown Steinberg, Cadwalader, Wickersham & Taft LLP, New York, NY, for Appellees, Oppenheimer & Co., Inc., Schroder, Wertheim & Co., Inc. and Schroder & Co., Inc.

Scott E. Eckas, King & Spalding LLP, New York, NY, for Appellees Steven S. McGuire, Samuel C. Guy, Ronald E. Hale, Jr., Dominic Man–Kit Lam, and James T. Rash.

PRESENT: JACOBS, LEVAL, and POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants, a putative class of individual purchasers of securities, appeal from an Opinion and Order entered in the United States District Court for the Southern District of New York (Keenan, *J.*). Plaintiffs appeal the district court's dismissal of their claims against defendants-appellees under §§ 11 and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k, 77o, for lack of standing. *See In Re WRT Energy Securities Litigation,* 1997 U.S. Dist. LEXIS 14009 (S.D.N.Y. Sept. 9, 1997).

Plaintiffs asserted standing on the basis of having purchased notes and preferred stock that were "issued pursuant to, or traceable to" the public offerings. The district court concluded that they lacked standing because they purchased the securities in the aftermarket rather than in an initial public offering. *See In re WRT,* 1997 U.S. Dist. LEXIS at *17. While this appeal was pending, this Court issued an opinion in *Demaria v. Andersen,* 318 F.3d 170 (2d Cir.2003), which held that "after-market purchasers who can trace their shares to an allegedly misleading registration statement have standing to sue under

§ 11 of the 1933 Act." *Demaria,* 318 F.3d at 178. In light of this holding, plaintiffs' allegations may be sufficient to confer standing to raise the enumerated claims under §§ 11 and 15 of the Securities Act. We therefore remand this case to the district court to consider those claims on the merits. We do not foreclose further consideration of standing, based on the particular facts of this case, in light of *Demaria;* we do not consider or decide any other issues raised by defendants-appellees as alternative grounds for deciding this appeal.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the case is REMANDED.